IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH K. DIMATTEO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.15-677-SLR |
| | ) |
| OFFICER MILLER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Deborah K. DiMatteo ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. She filed this lawsuit on August 5, 2015 alleging harassment. Plaintiff filed an almost identical lawsuit on December 29, 2014, dismissed as frivolous on January 30, 2015. (*See* Civ. No. 14-1521-SLR at D.I. 11, 12)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at

2

555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson* 135 S.Ct. at 346.

6. To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

7. **Discussion**. The court recited the facts in detail in Civ. No. 14-1521-SLR at D.I. 11. The court sees no need to again recite the facts given that the allegations in the instant case and Civ. No. 14-1521-SLR are almost identical.

8. **Pleading deficiency**. Similar to Civ. No. 14-1521-SLR, the complaint fails to meet the pleading requirements of *Iqbal* and *Twombly*. For example, the complaint does not provide adequate facts to allow the court to discern the specific events or circumstances giving rise to plaintiff's claims. The facts do not point to harassment by any defendant. Instead, plaintiff complains that individuals did not respond to her complaints and she had an incident with a police car that caused her to swerve and it

3

frightened her. Having carefully reviewed plaintiff's allegations, the court finds her claims frivolous, fanciful, and without any basis in law. See *Neitzke*, 490 U.S. at 325.

9. In addition, Civ. No. 14-1521-SLR was dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). A dismissal under the in forma pauperis statute for frivolousness carries preclusive effect for purposes of any future in forma pauperis actions. See *Shockley v. Hosterman*, 279 F. App'x 98, 99 (3d Cir. 2008) (unpublished) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (per curiam) (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal under § 1915(e) "could . . . have a res judicata effect on frivolousness determinations for future in forma pauperis petitions")).

9. **Conclusion**. For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court finds amendment futile. A separate order shall issue.

                                                 UNITED STATES DISTRICT JUDGE

Date: November 4, 2015